# IN THE UNITED STATES DISTRICT COURT OF TENNESSEE
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

JUSTIN HUDSON, surviving child of
JENNIFER BRADDOCK, deceased, by
his next friend and guardian,
PAMELA DAVIS, and Pamela Davis, ind.

    Petitioners,

VS.                                        NO. 04-2662 DP

SUSAN HUDSON; CITY OF MEMPHIS, a
Governmental Entity; MEMPHIS POLICE
OFFICER BARRON, #0508, individually;
MEMPHIS POLICE OFFICER JOHNSON,
#4431, Individually; MEMPHIS POLICE
OFFICER MORRIS, #1866, individually;
MEMPHIS POLICE OFFICER OWEN, #6420,
individually; MEMPHIS POLICE OFFICER
WIGGINS, #1055, individually;
COUNTY OF SHELBY, a Governmental Entity;
and JOHN DOES 1-5;

    Respondent.

## ORDER ON PETITION FOR APPROVAL OF SETTLEMENT
## OF CLAIMS FOR PERSONAL INJURIES TO MINOR

This cause came on to be heard on the sworn petition of Pamela Davis individually and on behalf of and as guardian and next friend of Justin Hudson, a minor, statement of counsel for the Petitioner, statement of counsel for American National Property and Casualty Companies, sworn testimony of the Petitioner, Pamela Davis, sworn testimony of the minor, Justin Hudson, and the entire record in this cause, from all of which the court finds:

    1.    Pamela Davis is the guardian of Justin Hudson, a minor, SSN#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, who was born July 16, 1997. Said Pamela Davis was appointed Guardian October 14, 2003, in the Juvenile Court of Memphis and Shelby County, Tennessee, a copy of said order being attached to the Petition and marked Exhibit 1.



2. On or about August 27, 2003, Jennifer Braddock, the mother of Justin Hudson, was killed by James C. Hudson. Jennifer Braddock was an unmarried single person. Justin Hudson is the only child born to her and she had no adopted children. As a result of said death, Pamela Davis, individually, and Justin Hudson, a minor, have filed a wrongful death suit, pursuant to T.C.A. §20-5-1076 et seq., against Susan Hudson and others.

3. A. Justin Hudson was seen by Dr. David B. Goldstein and evaluated due to concerns regarding aggressive behavior, learning and the possible impact of witnessing the murder of his mother and her two friends. Dr. Goldstein reported that the minor child was cooperative, compassionate, kind and resilient though he and appears to have some attention problems, may exhibit learning delays and continues to understandably be affected by the murder of his mother at the hands of his father. Diagnostic impressions were as set forth in the report. Dr. Goldstein recommended a complete psychoeducational evaluation to rule out the presence of an attention deficit hyperactivity disorder and or learning disability; maintenance of a relationship with a therapist with expertise in the treatment of children and maintaining a relationship with a physician should Justin require medication that is indicated by the evaluation. Copies of the medical records and bills are attached to the Petition and marked Exhibit 2. Medical Expenses incurred by Justin Hudson are set out as follows:

| Institution | Amount |
|---|---|
| Psychological Evaluation by David B. Goldstein, Clinical Psychologist | $1,850.00 |
| TOTAL | $1,850.00 |

The aforesaid expense has not yet been discharged.

B. In addition, in the spring of 2005, Pamela Davis and the minor child Justin Hudson, had moved to Gulfport, Mississippi. As a result of hurricane Katrina, much of the belongings and clothing of Justin Hudson have been lost. Distribution from the Estate for the benefit of Justin Hudson is needed in the amount of $2500.00, said amount computed as follows:

Pants - 7 pairs at $15.00 = $105.00
Shirts - 7 at $10.00 = $70.00
Socks and underwear = $40.00
Shoes - 4 pairs at $30.00 = $120.00
Suit = $60.00
Dress shoes = $25.00
School uniforms = already donated at no charge
Bed, dresser, chest, mattress = $1600.00
Bicycle = $120.00
TV = $110.00
Toys (general replacement of toys, games, etc.) = $250.00

C. That any and all injuries suffered by the said Justin Minor have resolved, and that said minor suffers no permanent or partial disability, has and no residual effects therefrom except as is suggested may occur in the future by the report of Dr. Goldstein.

4. A. American National Property and Casualty Companies(hereinafter ANPAC) is represented herein by Don G. Owens, III. ANPAC provides automobile liability coverage to Susan Hudson. The limits of liability coverage under said policy is $25,000.00.

B. ANPAC and Pamela Davis have reached a settlement whereby ANPAC is to pay the sum of $25,000.00 Justin Hudson, subject to the approval of this Court, said monies to be used for payment to medical providers, or those subrogated in their stead, for services rendered to Justin Hudson for injuries or treatment resulting from the incident as set forth in Paragraph Two of the Petition, and/or such other entities which may have a subrogated interest therefor, attorneys fees, litigation expenses, and the remainder to be set aside solely for the use, benefit and welfare of Justin Hudson.

C. Pamela Davis and Justin Hudson have been fully advised of their right to retain counsel of their own choosing and have contracted with Attorney William T. Winchester. Pamela Davis, individually, and on behalf of and as guardian and next friend of Justin Hudson, and Justin Hudson, individually, are represented by William T. Winchester. Pamela Davis, individually, on behalf of and as guardian and next friend of Justin Hudson, has reached an agreement with William T. Winchester, their Attorney, for a fee in the amount of $8,332.33, subject to the approval of this Court.

D. Susan Hudson, ANPAC, and Don G. Owens, III, have made no

statements, recommendations, or representations to Pamela Davis or Justin Hudson regarding the value of the claim of Pamela Davis, individually, and the minor Justin Hudson, and whether or not this offer of compromise should be accepted. Neither Pamela Davis nor Justin Hudson has relied on any statements, representations or inducements from Susan Hudson, ANPAC, or Don G. Owens, III, regarding the value of the respective claims and whether or not this offer of compromise should be accepted. The decision to accept this offer of compromise and ask this Court to approve same has been the sole decision of Pamela Davis and Justin Hudson.

5. The proposed settlement is fair, just and in the manifest best interest of the said Justin Hudson, and should be approved; further, that upon approval of said settlement and payment of same by ANPAC, the said Susan Hudson and ANPAC should be released from all claims and demands, including any and all discretionary costs accrued and to be accrued, rights and causes of action of any kind whatsoever which Pamela Davis, individually, and as guardian of Justin Hudson and Justin Hudson, now have, and hereafter may have on account of, and in any way arising out of the personal injuries, loss of consortium, and property damage, known and unknown, past, present, and future, to Pamela Davis and Justin Hudson, resulting from the incident that occurred as set forth in Paragraph Two of the Petition. It is expressly understood by Pamela Davis and Justin Hudson that the term "personal/bodily injury" as used herein includes all claims for damages resulting from the death of Jennifer Braddock sustained by Pamela Davis and Justin Hudson, including, but not limited to, any and all claims for damages incurred as a result of said death, bodily injury, past, present, and future, including but not limited to loss of earning capacity, permanent/temporary impairment/disability, pain and suffering, loss of the pleasures of life, loss of consortium, medical and other expenses, and any and all damages occurring, to occur, resulting from and to result from said bodily/personal injury. In consideration of this settlement, Pamela Davis and Justin Hudson do hereby agree to indemnify and hold harmless the said Susan Hudson, ANPAC, and other parties released, from and against all claims and demands whatsoever on account of and in any way growing out of said accident and its results both as to person and property.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That the above settlement be, and hereby is, approved by this Honorable Court.

2. Upon payment of same to the Clerk of the Court, Susan Hudson and ANPAC be, and hereby are, released from all claims and demands, including any and all discretionary costs accrued and to be accrued, rights and causes of action of any kind whatsoever which Pamela Davis, individually, and as guardian of Justin Hudson, and Justin Hudson, now have, and hereafter may have on account of, and in any way arising out of the personal injuries, loss of consortium, and property damage, known and unknown, past, present, and future, to Pamela Davis, individually and as guardian of Justin Hudson, and Justin Hudson, resulting from the incident that occurred as set forth in Paragraph Two of the Petition. It is expressly understood by Pamela Davis and Justin Hudson that the term "personal/bodily injury" as used herein includes all claims for damages resulting from the death of Jennifer Braddock sustained by Pamela Davis and Justin Hudson, including, but not limited to, any and all claims for damages incurred as a result of said death, bodily injury, past, present, and future, including but not limited to loss of earning capacity, permanent/temporary impairment/disability, pain and suffering, loss of the pleasures of life, loss of consortium, medical and other expenses, and any and all damages occurring, to occur, resulting from and to result from said bodily/personal injury. In consideration of this settlement, Pamela Davis and Justin Hudson do hereby agree to indemnify and hold harmless the said Susan Hudson, ANPAC, and other parties released, from and against all claims and demands whatsoever on account of and in any way growing out of said accident and its results both as to person and property.

3. The agreed upon attorney's fee between Pamela Davis and William T. Winchester in the amount of $8333.33 be, and hereby is, approved as reasonable.

4. ANPAC be, and hereby is, authorized and directed to make payment to the United States District Court Clerk by check the sum of $25,000.00, and that the Clerk of the United States District Court be, and hereby is, authorized and directed to disburse the sum of $12,683.33 over to Pamela Davis, on behalf of and as parent, guardian and next friend of Justin Hudson and William T. Winchester, Attorney, and that out of said proceeds

said Pamela Davis and William T. Winchester be, and hereby are, authorized and directed to pay to David Goldstein, Clinical Psychologist, the sum of $1850.00, to Pamela Davis the sum of $2500.00 for expenses and items as set forth in Paragraph Three B. of the Petition, and to William T. Winchester, Attorney, the sum of $8333.33, and the remainder of said funds in the amount of $12,316.67 to be retained by the Clerk and be invested in an interest bearing, federally insured account, until such time as Justin Hudson attains the age of eighteen years, or upon the appointment of a guardian or conservator of the said Justin Hudson by a court of competent jurisdiction, and upon showing proof thereof to the United States District Court Clerk by appropriate letters of guardianship/conservatorship issued by a court of competent jurisdiction, or until such time as a distribution is authorized by this United States District Court upon the filing of a sworn petition, hearing thereon, and Order of this Court.

_____
JUDGE

November 28, 2005
DATE

_____
ATTORNEY FOR PETITIONERS
WILLIAM T. WINCHESTER (21282)
2600 POPLAR AVENUE, SUITE 507
MEMPHIS, TENNESSEE 38112
(901) 327-6666

_____
Pamela Davis
PETITIONER

_____
ATTORNEY FOR SUSAN HUDSON
RUSSELL E. REVIERE
THE KOGER CENTER
65 GERMANTOWN COURT, SUITE 209
CORDOVA, TENNESSEE 38018

_____
ATTORNEY FOR ANPAC
DON G. OWENS, III (8155)
214 ADAMS AVENUE
MEMPHIS, TENNESSEE 38103
(901) 525-0616

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 84 in case 2:04-CV-02662 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

William T. Winchester
THE LAW OFFICES OF WILLIAM T. WINCHESTER
2600 Poplar Ave.
Ste. 507
Memphis, TN 38112

Mary Elizabeth McKinney
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Danny A. Presley
COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Honorable Bernice Donald
US DISTRICT COURT